UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS PRIOR, et al.,<br><br>                    Plaintiffs,<br>      v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>                    Defendants. | CASE NO. 2:23-cv-00021-LK<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiffs Douglas Prior and Claire Nolan's Amended Motion for Remand. Dkt. No. 16. Plaintiffs contend that because Defendant Stanley Steemer did not timely join or consent to removal, this matter should be remanded. *Id.* at 1. The Court agrees and grants the motion.

## I.   BACKGROUND

Plaintiffs filed suit in King County Superior Court on December 2, 2022, Dkt. No. 1 at 1–2, alleging causes of action against Stanley Steemer for negligence and against Safeco for breach of contract, insurance bad faith, negligent claim handling, and violations of the Insurance Fair

ORDER GRANTING MOTION TO REMAND - 1

Conduct Act and Consumer Protection Act, Dkt. No. 1-1 at 11–15. On December 8, 2022, Plaintiffs served Safeco via the state insurance commission. Dkt. No. 1 at 2. They served Stanley Steemer on the same day. Dkt. No. 15 at 4.

On January 5, 2023, Safeco removed the case to this Court. Dkt. No. 1. The Notice of Removal was not signed by Stanley Steemer, and there was no indication therein that it consented to or joined the removal. *See generally id.* Plaintiffs filed a motion to remand, quickly followed by an amended motion to remand, on January 31, 2023. Dkt. Nos. 14, 16.

## II.   DISCUSSION

### A.   Applicable Standards

Section 1441(a) permits a defendant to remove a case from state court to federal court. 28 U.S.C. § 1441(a). Section 1446 enumerates the procedural requirements for removal and provides that the notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or summons. *Id.* § 1446(b)(1). Under the rule of unanimity, within the 30-day window, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A); *see also id.* § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."). Although all defendants are not required to sign the notice of removal, "all defendants must agree for a removal to be valid." *Myer v. Nitetrain Coach Co.*, 459 F. Supp. 2d 1074, 1078 (W.D. Wash. 2006). The party seeking removal bears the burden of proving federal court jurisdiction and its "compli[ance] with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

### B.   Remand Is Warranted

A plaintiff may move to remand based on procedural defects "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). Plaintiffs timely filed their motion to

remand. *See* Dkt. No. 1 (January 5, 2023 notice of removal); Dkt. No. 16 (January 31, 2023 amended motion to remand).

Plaintiffs argue that the notice of removal was procedurally defective because Stanley Steemer did not consent to the removal before the 30-day removal period elapsed. Dkt. No. 16 at 2–3. Defendants do not dispute that Stanley Steemer was served on December 8, 2022, that the removal period ran by January 12, 2023 at the latest, and that Stanley Steemer did not join in or consent to the removal until it filed its opposition to this motion on February 21, 2023. Dkt. No. 15 at 4 (service); *see generally* Dkt. No. 21 (opposition brief). Therefore, the notice of removal was procedurally defective. *See, e.g.*, *Palmeira v. CIT Bank, N.A.*, No. 17-00275 ACK-RLP, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017) (explaining that a notice of removal was procedurally defective when some of the defendants did not file their consent and joinder in the removal until after the 30-day period had expired).[1]

Nor did Stanley Steemer otherwise demonstrate consent to a federal forum within the 30-day removal period or cure the defect within that time. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021) (remanding case where one defendant did not join the notice of removal and did not file anything in federal court indicating consent before the removal period expired); *cf. Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (finding that the procedural defect was cured when the late-removing defendant filed a motion to dismiss endorsing removal within the 30-day period); *see also Palmeira*, 2017 WL 4797515, at *5 ("Defects in removal requirements," including lack of consent, "must be cured within the 30-day period for removal, or removal is improper."). Stanley Steemer did not cure the defect within the 30-day

---

[1] In addition, "the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *See, e.g.*, *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (per curiam). But here, the notice of removal did not explain Stanley Steemer's absence. *See generally* Dkt. No. 1.

ORDER GRANTING MOTION TO REMAND - 3

period or file anything with this Court demonstrating consent to removal until its February 21, 2023 response to this motion, filed after the removal period expired. Dkt. No. 21.

The only excuse Stanley Steemer provides for its late consent is that it was "late in appearing." Dkt. No. 21 at 3. There is no exception to the statutory requirement for a party who is "late in appearing," nor does one delay excuse the other. And Safeco's argument that it was unable to obtain Stanley Steemer's consent until after that entity filed its notice of appearance in this Court is unavailing. Dkt. No. 19 at 2. Plaintiffs were able to locate the company for purposes of service, and Safeco could have done the same. Dkt. No. 15 at 4.

Defendants argue that they cured the procedural defect because Stanley Steemer now consents to removal, Dkt. No. 21 at 2, and the Ninth Circuit has held that if all defendants do not join the petition for removal, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 57 (9th Cir. 2011). But as Plaintiffs note, *Destfino* was decided before the amendments to the removal statute became effective and codified the rule of unanimity. *See Terteling v. Terteling*, No. 1:22-cv-00271-CWD, 2022 WL 9327714, at *4 (D. Idaho Oct. 14, 2022); *see also Taylor*, 15 F.4th at 152 ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service."). In light of the statute's amendment, the Court follows its clear language.

Defendants also rely on cases holding that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) *superseded by statute on other grounds as recognized in Abrego Abrego*, 443 F.3d at 681; *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002); Dkt. No. 21 at 2. Those holdings do not provide a free

pass for defendants to ignore the statutory requirements. Rather, they reflect a practical approach to ensure the fair and efficient administration of justice and preserve judicial resources. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996) ("To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."); *Parrino*, 146 F.3d at 703 (citing *Caterpillar* and finding that "remand on procedural grounds would be an empty formality."); *Terteling*, 2022 WL 9327714, at *4 (explaining that "*Destfino* does not establish a broad rule allowing consent to removal up until the entry of judgment" and finding that concerns about whether procedural defects warrant reversal on appeal did not apply when the case was "at its earliest stages"). Like *Terteling*, this case is at its earliest stages, and the Court has not yet issued any substantive rulings. Therefore, the concerns present in *Destfino* and similar appeals do not exist here. *See Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 3:23-CV-233-SI, 2023 WL 3451987, at *5 (D. Or. May 15, 2023) ("The Court rejects the argument that trial courts have carte blanche discretion to allow removing defendants to cure defects in removal through the date of judgment" and instead "agrees with the overwhelming majority of other courts in construing § 1446 as requiring some deadline for consent to removal because, for the procedural requirements of the statute to have any meaning, there must be some deadline."). Because the notice of removal was procedurally defective and not timely cured, remand is warranted.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' amended motion to remand, Dkt. No. 16, and ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 30th day of May, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING MOTION TO REMAND - 6